## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| **NABIL ATTAYA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO.  5:17-cv-251** |
| **NAUTILUS   INSURANCE   COMPANY, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Nautilus Insurance Company, Inc. ("Nautilus" or "Defendant") files this Notice of Removal of the civil action originally filed in the 99th Judicial District Court of Lubbock County, Texas entitled *Nabil Attaya v. Nautilus Insurance Company, Inc.*, Cause No. 2017526986 (the "State Court Action"). In support of this Notice of Removal, Defendant states as follows:

1.     On August 29, 2017, Plaintiff Nabil Attaya ("Plaintiff") filed the State Court Action, asserting causes of action for: (1) breach of contract; (2) violation of Texas Insurance Code Chapter 541; (3) breach of the duty of good faith and fair dealing; (4) violation of the Texas Deceptive Trade Practices Act, Texas Business & Commerce Code Chapter 17 ("DTPA"); and (5) common law fraud.[1]  Defendant was served with process, via certified mail, on or about October 10, 2017.   On October 23, 2017, Defendant filed its Verified Plea in Abatement, Original Answer, Affirmative Defenses, and Special Exceptions.[2]

---

[1]  *See* Exhibit B (Plaintiff's Original Petition).

[2]  *See* Exhibit E (Verified Plea in Abatement and Original Answer).

2.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1332(a), 1441, and 1446, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**A. The Parties are Completely Diverse.**

3.     Plaintiff is an individual residing is Lubbock County, Texas.[3] Defendant is an Arizona corporation and maintains its principal place of business in Arizona.[4]

4.     Accordingly, complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332.

**B. The Amount in Controversy Exceeds $75,000.**

5.     To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition. *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2001). If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. *Id.*; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

6.     The amount in controversy in this case exceeds the sum of $75,000, exclusive of interest and costs, as evidenced by the estimate provided by Plaintiff's property manager to Nautilus reflecting $125,579.09 in alleged repairs.[5] Plaintiff also seeks unspecified damages for mental anguish, exemplary damages, and attorneys' fees under the Texas Insurance Code and the DTPA. *See H & D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.* 227 F.3d 326, 330

---

[3] *See* Exhibit B, at p. 1.

[4] *See id.*

[5] *See* Exhibit G (Estimate for Repairs from Blizzard Damages).

(5th Cir.2000) (if statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees).

7.      Based upon Plaintiff's allegations, and the estimate provided by Plaintiff, Defendant represents, upon information and belief, that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

### C. The Removal Complies with Federal Rules of Civil Procedure 81 and Northern District of Texas Civil Rule 81.1.

8.      Removal of the State Court Suit is timely, as this Notice of Removal is filed within 30 days of the date upon which the State Court Suit was received by Defendant, through service or otherwise. *See* 28 U.S.C. § 1446.

9.      The documents attached to this Notice of Removal comply with Northern District of Texas Civil Rule 81.1.

10.      Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located within this district.

11.      Defendant will promptly notify the 99th Judicial District Court of Lubbock County, Texas of the removal of this action to federal court.

Accordingly, based on the foregoing, Defendant removes this action to the United States District Court for the Northern District of Texas, Lubbock Division, and requests any and all such further relief and remedies to which it may be entitled.

- 3 -

Respectfully submitted,

*/s/Brad R. Timms*

Paige C. Jones
Texas Bar No. 24054609
Brad R. Timms
Texas Bar No. 24088535
paige.jones@phelps.com
brad.timms@phelps.com
115 Grand Avenue, Suite 222
Southlake, Texas 70692
Telephone:  (817) 305-0332
Telecopy:  (817) 488-3214

Of Counsel:

Leonard R. (Bud) Grossman
Texas Bar No. 00784182
Gary Bellair
Texas Bar No. 0210400
Craig, Terrill, Hale Grantham, LLP
FirstBank Centre
9816 Slide Road, Suite 201
Lubbock, Texas 79424
(806) 744-3232 – Telephone
(806) 744-2211 – Telecopy
budg@cthglawfirm.com
gbellair@cthglawfirm.com

## ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, on the October 30, 2017,

Defendant Nautilus Insurance Company's Notice of Removal was served via certified mail,

return receipt requested and/or via the ECF filing system, upon:

Jamshyd (Jim) M. Zadeh
Law Offices of Jim Zadeh, P.C.
115 W. 2nd Street, Ste. 201
Fort Worth, Texas 76102
817-335-5100 phone
817-335-3974 fax
jim@zadehfirm

PD.22478313.1

*/s/Brad R. Timms*
Brad R. Timms

# Exhibit A

**Court Access System**
**Case Events**
Case: 2017526986

10/24/2017

| Sequence | Event Date | Court | Description | Notes |
|---|---|---|---|---|
| 1 | 08/29/2017 | D099 | PETITION FILED | PREPAID |
| 2 | 08/29/2017 | D099 | DISCOVERY LEVEL 3 | |
| 3 | 08/29/2017 | D099 | REQUEST | |
| 4 | 08/29/2017 | D099 | JURY REQUEST | PREPAID |
| 6 | 08/29/2017 | D099 | CITATION ISSUED | |
| 5 | 09/29/2017 | D099 | CHECK CASE | |
| 7 | 09/29/2017 | D099 | CITATION ISSUED | EMAILED TO ASSISTANT |
| 8 | 10/23/2017 | D099 | PLEA IN ABATEMENT | |
| 9 | 10/23/2017 | D099 | ANSWER RECEIVED | |
| 10 | 10/23/2017 | D099 | EXCEPTIONS | |

# Exhibit B

**2017526986**
CAUSE NO. _____                               AMG

| | | |
|---|---|---|
| NABIL ATTAYA | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| v. | § | LUBBOCK COUNTY, TEXAS |
| | § | |
| NAUTILUS INSURANCE | § | |
| COMPANY, INC. | § | |
| | § | |
| **Defendant** | § | <u>99</u>   JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NABIL ATTAYA, Plaintiff, complaining of NAUTILUS INSURANCE COMPANY, INC. ("Nautilus") and would show unto this honorable Court the following:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff requests that discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### II.
### PARTIES

Plaintiff is an individual residing in Lubbock, Lubbock County, Texas.

Defendant Nautilus Insurance Company is an Arizona insurance company located at 7233 E. Butherus Drive, Scottsdale, AZ 85260 and transacts business in the State of Texas. Defendant does not have a registered agent in Texas and thus may be served with

process through the Texas Department of Insurance Commissioner at 333 Guadalupe, Austin, TX 78701.           .

The Clerk is requested to issue Citation.

## III.
## JURISDICTION AND VENUE

This Court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court, and because the events giving rise to Plaintiff's claims occurred in this jurisdiction. Plaintiff is seeking damages pursuant to Texas Rule of Civil Procedure 47(c)(3). This Court also has jurisdiction over Defendant because Defendant committed a tort in Texas and because Defendant engages in the business of insurance in Texas.

Venue is proper in this county because the property at issue in this case is in this county and because the events giving rise to this lawsuit occurred in this county. Tex. Civ. Prac. & Rem. Code § 15.032.

## IV.
## FACTS

Plaintiff owned certain real property with improvements and personal property located at 2109, 2113, 2117, 2121, 2127, and 2129 51st Street, Lubbock, Texas 79412 (the "Property"), which was insured by an insurance policy NN585499, issued by Defendant Nautilus Insurance Company (the "Policy"). Nautilus Insurance Company sold the Policy insuring the Property to Plaintiff.

On or about December 27, 2015, Plaintiff's carports at the Property suffered damage. Plaintiff's carports were a total loss and had to be replaced.  Plaintiff contacted Nautilus and made a claim. Plaintiff made a claim and demand for payment on Defendant

Nautilus for damages to the Property and other damages covered by the terms of the Policy and the claim was assigned claim number 10082476 (the "Claim").

Plaintiff submitted a claim to Nautilus against the Policy for damage to the Property. Plaintiff asked that Nautilus cover the cost of repairs, including, but not limited to, repair and/or replacement of the damaged carports pursuant to the Policy. Defendant Nautilus assigned the Claim to Elizabeth Sharlot to adjust the claim. Ms. Sharlot told Plaintiff that the Claim was not covered and denied Plaintiff's Claim. Ms. Sharlot, the adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a thorough investigation of Plaintiff's claim.

Defendant Nautilus set about to deny Plaintiff's Claim on properly covered damages. As a result of Defendant's unreasonable investigation of the claims, including not providing coverage for the damages sustained by Plaintiff, and denying adequate and sufficient payment to Plaintiff to repair his Property, Plaintiff's claims were improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in his ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive payment to which he is entitled under the Policy.

As detailed in the paragraphs below, Nautilus wrongfully denied Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

To date, Nautilus continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid for the damages to his Property.

Defendant Nautilus failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full

proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Nautilus's conduct constitutes a breach of the insurance contract between Nautilus and Plaintiff.

Defendant Nautilus misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Nautilus's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Defendant Nautilus failed to make an attempt to settle Plaintiff's claims in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant Nautilus's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendant Nautilus refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Nautilus failed to conduct a reasonable investigation. Specifically, Defendant Nautilus performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

Defendant Nautilus failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not received full payment for his claims. Nautilus's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claims were presented to Defendant Nautilus, the liability of Nautilus to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nautilus has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Nautilus's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Defendant Nautilus knowingly or recklessly made false representations, as described above, as to material facts, and/or knowingly concealed all or part of material information from Plaintiff.

As a result of Defendant Nautilus's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

Defendant has refused to pay all amounts due and owing under the Policy for the Claim. Defendant has failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling the claim.

Plaintiff has complied with any and all of Plaintiff's obligations under the Policy.

## V.
## DISCOVERY RULE

Plaintiff incorporates each and every of the foregoing paragraphs as if fully set forth herein. Plaintiff did not discover, and should not, in the exercise of reasonable diligence, have discovered, the occurrence of the acts alleged in this Petition prior to the applicable statutory time frame for bringing suit and such suit was therefore timely filed.

## VI.
## CAUSES OF ACTION

### Breach of Contract

The Policy is a valid, binding and enforceable contract between Plaintiff and Defendant Nautilus. Defendant Nautilus breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendant's breach proximately caused Plaintiff's injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiff.

### Unfair Settlement Practices

Defendant violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices. All violations under this article are made actionable by TEX. INS. CODE §541.151.

Defendant Nautilus's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

Defendant Nautilus's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nautilus's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

Defendant Nautilus's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### Breach of the Duty of Good Faith and Fair Dealing/Bad Faith

Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying payment on the Claims when Defendant knew or should have known that liability was reasonably clear. Defendant's conduct proximately caused Plaintiff's injuries and damages.

### Acts Constituting Acting as Agent

As referenced and described above, and further conduct throughout this litigation and lawsuit, Ms. Sharlot is an agent of Nautilus based on her acts during the handling of these claims, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. Tex. Ins. Code §4001.051. Separately, and/or in the alternative, as referenced and described above, Nautilus ratified the actions and conduct of Ms. Sharlot including the completion of their duties under the common law and statutory law.

### Violations of the Texas Deceptive Trade Practices Act

Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE§ 17.41, *et seq.* ("D.T.P.A.") by engaging in "false, misleading or deceptive acts and practices."

Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

Defendant committed numerous violations of the D.T.P.A., insofar as Defendant:

a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

b) Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

c) Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

d) Generally engaged in unconscionable courses of action while handling the Claim; and/or

e) Violated the provisions of the Texas Insurance Code described herein.

Defendant took advantage of Plaintiff's lack of knowledge, ability, expedience or capacity to a grossly unfair degree and to Plaintiff's detriment. Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the D.T.P.A., Plaintiff suffered actual damages. In addition, Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiff to three times Plaintiff's damages for economic relief.

### Common Law Fraud

Defendant knowingly or recklessly made false representations as to material facts and/or knowingly concealed all or part of material information from Plaintiff with the intent of inducing Plaintiff to accept a denial of insurance benefits. Defendant knew the failure to pay was false. Plaintiff justifiably relied upon said statements and suffered injury as a result.

# VII.
# DAMAGES

The damages caused have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Nautilus's mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claims as damages, together with attorney's fees. TEX INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

Upon the trial of this case, it shall be shown Plaintiff was caused to sustain damages as a result of Defendant's conduct. Plaintiff respectfully requests the Court and jury award the amount of loss Plaintiff has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiff seeks every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post judgment interest, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

## VIII.
## NOTICE/CONDITION PRECEDENT

All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendant has wholly waived and are estopped to assert all right to any conditions precedent.

## IX.
## ALTERNATIVE PLEADING

All pleadings herein, if inconsistent, are made pursuant to Rule 48 of the Texas Rules of Civil Procedure.

## X.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would further show that many of their damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendant received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## XI.
## JURY DEMAND

Plaintiff requests a jury trial, and herewith tenders a jury fee.

## XII.
## NOTICE OF INTENT

Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XIII.
## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## XIV.
### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that formal judgment be rendered for Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Treble damages;

4) Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit; and

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Office of Jim Zadeh, P.C.

Jamshyd (Jim) M. Zadeh
State Bar: 22239000
115 W. 2nd Street, Ste. 201
Fort Worth, TX 76102
817-335-5100 – Telephone
817-335-3974 – Facsimile
jim@zadehfirm.com

ATTORNEY FOR PLAINTIFF

# Exhibit C

Filed 8/29/2017 9:23 AM
Barbara Sucsy
District Clerk
Lubbock County, Texas

## CIVIL/CRIMINAL PROCESS REQUEST

AMG

FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING.
FOR PROTECTIVE ORDERS, FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED.

**2017526986**

CAUSE NUMBER: _____ - _____ , _____     CURRENT COURT: __99__

TYPE OF INSTRUMENT (See Reverse for Type): citation     QUANTITY: 1

FILE DATE OF MOTION: August 28, 2017
                     MONTH   /   DAY   /   YEAR

SERVICE TO BE ISSUED ON:

1.   NAME: Nautilus Insurance Company

     ADDRESS: 7233 E. Butherus Drive

              Scottsdale, AZ 85260

     AGENT (If Applicable): _____

TYPE OF SERVICE / PROCESS TO BE ISSUED (See Reverse for Specific Type): _____

SERVICE BY (check one):

■ e-SERVICE          ☐ LUBBOCK CO. CONSTABLE          ☐ LUBBOCK CO. SHERIFF

☐ ATTORNEY PICK-UP   ☐ CERTIFIED MAIL                 ☐ MAIL

☐ CIVIL PROCESS SERVER - Authorized Person to Pick-Up: _____ Phone: _____

☐ PUBLICATION        ☐ POSTING

☐ OTHER (Please Explain): _____

DISTRICT ATTORNEY USE ONLY:

☐ - DA (Name of Person Requesting): _____ EXT: _____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Jamsyd(Jim) M. Zadeh          TEXAS BAR NO. / ID NO.: 22239000

MAILING ADDRESS: 115 W. 2nd Street, Ste. 201, Fort Worth, Texas 76102

TELEPHONE NUMBER: (335-5100) 335-5100

FOR OFFICE USE ONLY:

☐ - FEES ASSESSED     ☐ - AFFIDAVIT OF INABILITY TO PAY ON FILE     ☐ - URGENT

**INSTRUMENTS TO BE SERVED:**

x _____ ORIGINAL PETITION
_____ AMENDED PETITION
_____ SUPPLEMENTAL PETITION


_____ COUNTERCLAIM
_____ AMENDED COUNTERCLAIM
_____ SUPPLEMENTAL COUNTERCLAIM


_____ CROSS-ACTION
_____ AMENDED THIRD-PARTY PETITION
_____ SUPPLEMENTAL THIRD-PARTY PETITION


_____ INTERVENTION
_____ AMENDED INTERVENTION
_____ SUPPLEMENTAL INTERVENTION


_____ INTERPLEADER
_____ AMENDED INTERPLEADER
_____ SUPPLEMENTAL INTERPLEADER


_____ INJUNCTION

_____ MOTION TO MODIFY/ENFORCE

_____ SHOW CAUSE ORDER

_____ TEMPORARY RESTRAINING ORDER


**PROCESS TYPE:** (Circle)

NON-WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
          COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA


**WRITS:**
ATTACHMENT (PROPERTY)
ATTACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

# Exhibit D

## CITATION
## THE STATE OF TEXAS

TO:   **Nautilus Insurance Company**
      **7233 E. Butherus Drive, Scottsdale, AZ 85260**

                                                        Defendant Greetings:

### NOTICE

**You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Request for Disclosures, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Request for Disclosures** was filed in the **99th District Court** of Lubbock County, Texas, on **August 29, 2017**. The file number of said suit being Cause Number **2017526986**, and styled:

**Nabil Attaya,**
*Plaintiff*
**V.**
**Nautilus Insurance Company, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Request for Disclosures**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Jamsyd (Jim) M. Zadeh, 115 W. 2nd Street, Ste. 201, Fort Worth, TX 76102**
**(817)-335-5100**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Tuesday, August 29, 2017, at 10:14 AM.

Barbara Sucsy, District Clerk
99th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _____ Deputy
        Jamie Horton

**RETURN OF SERVICE**
**CITATION**

Issued:  August 29, 2017

Lubbock County Cause Number:  **2017526986**
**99th District Court**

**Nabil Attaya**
**V.**
**Nautilus Insurance Company, Inc.**

PERSON OR ENTITY TO BE SERVED AND ADDRESS FOR SERVICE:
**Nautilus Insurance Company**
**7233 E. Butherus Drive, Scottsdale, AZ  85260**

OFFICER'S RETURN

Came to hand on the ____ day of _____, 20___, at _____ O'clock AM/PM, and executed in

_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the

date of delivery endorsed thereon, together with a copy of the **Original Petition and Request for Disclosures**, at the following time

and places, to-wit:

**NAME**                          **DATE & TIME**                          **LOCATION/ADDRESS**


_____

*OR NOT* executed to the named Defendant; The diligence used in finding said defendant, the cause of failing to execute this process
and the information received as to the whereabouts of the said defendant, being:

_____

_____

_____

FEES FOR SERVING:          $_____
FEES FOR NOT SERVING:      $_____            _____
OTHER FEES:                $_____            **Officer or Authorized Person**
**TOTAL FEES:**             $_____            _____
                                                  **County, Texas**
                                                  _____
                                                  **Signature of Officer or Authorized Person**

**\*\*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT\*\***
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve a citation shall sign the return.  The
return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
                          (First, Middle, Last)

_____
                          (Street, City/State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.


                                                  _____
                                                  **Declarant/Authorized Process Server**
                                                  _____
                                                  **I.D. # & Expiration of Certification"**

## CITATION
## THE STATE OF TEXAS

TO:   **Nautilus Insurance Company**
      **7233 E. Butherus Drive, Scottsdale, AZ  85260**

Defendant Greetings:

### NOTICE

**You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Request for Disclosures, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Request for Disclosures** was filed in the **99th District Court** of Lubbock County, Texas, on **August 29, 2017**.  The file number of said suit being Cause Number **2017526986**, and styled:

**Nabil Attaya,**
*Plaintiff*
**V.**
**Nautilus Insurance Company, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Request for Disclosures**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Jamsyd (Jim) M. Zadeh, 115 W. 2nd Street, Ste. 201, Fort Worth, TX  76102 (817)-335-5100**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Tuesday, August 29, 2017, at 10:14 AM.

Barbara Sucsy, District Clerk
99th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _____*Jamie Horton*_____ Deputy
   Jamie Horton

## RETURN OF SERVICE
## CITATION

Issued: August 29, 2017

Lubbock County Cause Number: **2017526986**
**99th District Court**

**Nabil Attaya**
**V.**
**Nautilus Insurance Company, Inc.**

PERSON OR ENTITY TO BE SERVED AND ADDRESS FOR SERVICE:
**Nautilus Insurance Company**
**7233 E. Butherus Drive, Scottsdale, AZ 85260**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ O'clock AM/PM, and executed in

_____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the

date of delivery endorsed thereon, together with a copy of the **Original Petition and Request for Disclosures**, at the following time

and places, to-wit:

**NAME**                     **DATE & TIME**                    **LOCATION/ADDRESS**

_____

*OR NOT* executed to the named Defendant; The diligence used in finding said defendant, the cause of failing to execute this process
and the information received as to the whereabouts of the said defendant, being:

_____

_____

_____

FEES FOR SERVING:          $_____
FEES FOR NOT SERVING:       $_____    _____
OTHER FEES:                $_____    **Officer or Authorized Person**
TOTAL FEES:                $_____    _____
                                          **County, Texas**
                                          _____
                                          **Signature of Officer or Authorized Person**

**\*\*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT\*\***
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____
                     (First, Middle, Last)

_____
                              (Street, City/State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

                                          _____
                                          **Declarant/Authorized Process Server**
                                          _____
                                          **I.D. # & Expiration of Certification"**

## CITATION
## THE STATE OF TEXAS

TO:   **Nautilus Insurance Company**
      **7233 E. Butherus Drive, Scottsdale, AZ  85260**

                                                          Defendant Greetings:

### NOTICE

**You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk of the court who issued this citation by 10 o'clock a.m. on the Monday following the expiration of 20 (twenty) days after you have been served this citation and Original Petition and Request for Disclosures, a default judgment may be taken against you.**

Said **Plaintiff's Original Petition and Request for Disclosures** was filed in the **99th District Court** of Lubbock County, Texas, on **August 29, 2017**.  The file number of said suit being Cause Number **2017526986**, and styled:

**Nabil Attaya,**
*Plaintiff*
**V.**
**Nautilus Insurance Company, Inc.,**
*Defendant*

The nature of **Plaintiff's** demand is set out and shown by a true and correct copy of the **Original Petition and Request for Disclosures**, accompanying this citation, and made a part thereof.

Plaintiff is represented by:
**Jamsyd (Jim) M. Zadeh, 115 W. 2nd Street, Ste. 201, Fort Worth, TX  76102 (817)-335-5100**

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Lubbock County, Texas, this Tuesday, August 29, 2017, at 10:14 AM.

Barbara Sucsy, District Clerk
99th District Court
P.O. Box 10536 (79408)
904 Broadway
Lubbock, Texas 79401

By _____ Deputy
       Jamie Horton

## RETURN OF SERVICE
### CITATION

Issued: August 29, 2017

Lubbock County Cause Number: **2017526986**
**99th District Court**

**Nabil Attaya**
**V.**
**Nautilus Insurance Company, Inc.**

PERSON OR ENTITY TO BE SERVED AND ADDRESS FOR SERVICE:
    **Nautilus Insurance Company**
    **7233 E. Butherus Drive, Scottsdale, AZ 85260**

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ O'clock AM/PM, and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation with the date of delivery endorsed thereon, together with a copy of the **Original Petition and Request for Disclosures**, at the following time and places, to-wit:

| NAME | DATE & TIME | LOCATION/ADDRESS |
|---|---|---|
| | | |

*OR NOT* executed to the named Defendant; The diligence used in finding said defendant, the cause of failing to execute this process and the information received as to the whereabouts of the said defendant, being: _____

_____

_____

_____

FEES FOR SERVING:     $_____
FEES FOR NOT SERVING:     $_____     _____
OTHER FEES:     $_____     **Officer or Authorized Person**
**TOTAL FEES:**     $_____     _____
    **County, Texas**

_____
**Signature of Officer or Authorized Person**

### **\*\*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT\*\***

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is _____
           (First, Middle, Last)

_____
                     (Street, City/State, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____
**Declarant/Authorized Process Server**

_____
**I.D. # & Expiration of Certification"**

# Exhibit E

NO. 2017526986

tb

| | | |
|---|---|---|
| **NABIL ATTAYA** | § § § § § | **IN THE DISTRICT COURT OF** |
| **V.** | § § § | **LUBBOCK COUNTY, TEXAS** |
| **NAUTILUS INSURANCE COMPANY, INC.** | § § § § | **99TH JUDICIAL DISTRICT** |

## NAUTILUS INSURANCE COMPANY'S VERIFIED PLEA IN ABATEMENT, ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Nautilus Insurance Company (incorrectly named as "Nautilus Insurance Company, Inc.," herein "Defendant" or "Nautilus"), in the above-styled and numbered cause and files its Verified Plea in Abatement, Original Answer, Affirmative Defenses, and Special Exceptions and respectfully shows the Court the following:

### I.  VERIFIED PLEA IN ABATEMENT

#### Statutorily-required pre-suit written notice of claims under the Texas Insurance Code

In his Original Petition, Plaintiff attempts to state causes of action against Defendant for alleged violations of Chapter 541 of the Texas Insurance Code. The Texas Insurance Code requires that, at least sixty-one (61) days before filing a lawsuit alleging violations of the Insurance Code, Plaintiff must provide written notice to Defendant advising of Plaintiff's specific complaint and the amount of actual damages, economic damages, mental anguish damages, and any expenses, including any attorneys' fees reasonably incurred in asserting the

claim against Defendant. *See* TEX. INS. CODE § 541.154. Defendant never received any such letter prior to the filing of Plaintiff's Original Petition, or since. Defendant attaches a verification attesting that the requisite notice has not received by it.

The Texas Insurance Code specifically provides for the automatic abatement of an action when a verified plea in abatement is filed showing that the requisite notice was not provided. *See* TEX. INS. CODE § 541.155. Therefore, Defendant respectfully requests this Court abate the instant action to such time as Plaintiff provides the requisite notice statutorily required under the Texas Insurance Code.

## I.   GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies all of the material allegations contained in Plaintiff's Original Petition and in any subsequent Petitions, and demands strict proof thereof as required by the laws of the State of Texas.

## II.   AFFIRMATIVE DEFENSES

1.     Further answering, Defendant asserts that Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions of the applicable Policy.

2.     As to Plaintiff's claims alleging bad faith against Defendant, a *bona fide* controversy existed and continues to exist concerning the amount of the allegedly covered loss and Plaintiff's entitlement to additional insurance benefits under the Policy. The duty of good faith and fair dealing is not breached by the existence of a *bona fide* controversy.

3.     Further answering, Defendant is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Defendant denies, because Defendant's actions or

inactions were not a producing cause of damages, injury or loss suffered by Plaintiff.

4.      Further answering, Plaintiff has failed to plead fraud and/or conspiracy with specificity.

5.      Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Defendant asserts that any claim which is based upon an alleged misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

6.      Further answering, Texas law is clear that insurance coverage cannot be created by waiver or estoppel.  *See Ulico Casualty Co. v. Allied Pilots Assoc.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (discussing the *"Wilkinson"* exception from *Farmers Texas County Mutual Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

7.      Further answering, if Plaintiff's alleged damages were the result of both covered and non-covered causes of loss, then the Plaintiff bears the burden of separating and proving the amount of damage resulting from a covered cause of loss.  *Kelly v. Travelers Lloyds of Texas Ins. Co.*, 2007 WL 527911 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

8.      Further answering, with respect to Plaintiff's claim for damages, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code § 41.002-41.009.

9.      Further answering, Plaintiff's damages, if any, are limited in whole or in part, to

the extent they are not the result of a loss covered by the Policy. The Policy provides, in relevant part:

### A. Covered Causes of Loss

When Basic is shown in the Declarations, Covered Causes of Loss means the following:

1. Fire.

2. Lightning.

3. Explosion, including the explosion of gases or fuel within the furnace of any fired vessel or within the flues or passages through which the gases of combustion pass. This cause of loss does not include loss or damage by:

   a. Rupture, bursting or operation of pressure relief devices; or
   b. Rupture or bursting due to expansion or swelling of the contents of any building or structure, caused by or resulting from water.

4. Windstorm or Hail, but not including:

   a. Frost or cold weather;
   b. Ice (other than hail), snow or sleet, whether driven by wind or not; or
   c. Loss or damage to the interior of any building or structure, or the property inside the building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters.

5. Smoke causing sudden and accidental loss or damage. This cause of loss does not include smoke from agricultural smudging or industrial operations.

6. Aircraft or Vehicles, meaning only physical contact of an aircraft, a spacecraft, a self-propelled missile, a vehicle or an object thrown up by a vehicle with the described property or with the building or structure containing the described property. This cause of loss includes loss or damage by objects falling from aircraft.

   We will not pay for loss or damage caused by or resulting from vehicles you own or which are operated in the course of your business.

7. Riot or Civil Commotion, including:

       a.   Acts of striking employees while occupying the described premises; and

       b.   Looting occurring at the time and place of a riot or civil commotion.

8.   Vandalism, meaning willful and malicious damage to, or destruction of, the described property.

We will not pay for loss or damage caused by or resulting from theft, except for building damage caused by the breaking in or exiting of burglars.

9.   Sprinkler Leakage, meaning leakage or discharge of any substance from an Automatic Sprinkler System, including collapse of a tank that is part of the system.

If the building or structure containing the Automatic Sprinkler System is Covered Property, we will also pay the cost to:

       a.   Repair or replace damaged parts of the Automatic Sprinkler System if the damage:

           (1)   Results in sprinkler leakage; or
           (2)   Is directly caused by freezing.

       b.   *Tear out and replace any part of the building or structure to repair damage to the Automatic Sprinkler System that has resulted in sprinkler leakage.*

Automatic Sprinkler System means:

           (1)   Any automatic fire protective or extinguishing system, including connected:

               (a)   Sprinklers and discharge nozzles;
               (b)   Ducts, pipes, valves and fittings;
               (c)   Tanks, their component parts and supports; and
               (d)   Pumps and private fire protection mains.

           (2)   When supplied from an automatic fire protective system:

               (a)   Non-automatic fire protection systems; and
               (b)   Hydrants, standpipes and outlets.

10.   Sinkhole Collapse, meaning loss or damage caused by the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite. This cause of loss does not include:

> a. The cost of filling sinkholes; or
> b. Sinking or collapse of land into man-made underground cavities.

11. Volcanic Action, meaning direct loss or damage resulting from the eruption of a volcano when the loss or damage is caused by:

> a. Airborne volcanic blast or airborne shock waves;
>
> b. Ash dust or particulate matter; or
>
> c. Lava flow.

All volcanic eruptions that occur within any 168-hour period will constitute a single occurrence.

This cause of loss does not include the cost to remove ash, dust or particulate matter that does not cause direct physical loss or damage to the described property.

## III.   SPECIAL EXCEPTIONS

### 1.   Failure to Specify Maximum Amount of Damages

Defendant specially excepts to Plaintiff's Original Petition in its entirety because it fails to specify a maximum amount of damages.

### 2.   Failure to Set Forth Specific Claims/Facts

Defendant specially excepts to Plaintiff's Original Petition because it fails to identify any facts which support the allegations of fraud against Defendant. Plaintiff's Original Petition also fails to describe any conduct by Defendant which supports Plaintiff's allegations of misrepresentation against Defendant. Plaintiff's Original Petition fails to identify or provide adequate facts or explanation of the conduct which support Plaintiff's Insurance Code and Deceptive Trade Practices Act claims against Defendant. Plaintiff's Original Petition fails to describe any conduct by Defendant which supports Plaintiff's allegations of a breach of the duty of good faith and fair dealing. In addition, Plaintiff's Original Petition fails to set forth the

misrepresentation or false statements or conduct which support Plaintiff's claim against Defendant for knowing and intentional violations. Finally, Plaintiff's Original Petition fails to set forth any facts in support of his allegations for mental anguish damages. Accordingly, Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's allegations of Insurance Code violations, Deceptive Trade Practices Act violations, mental anguish, misrepresentation, fraud, breach of the duty of good faith and fair dealing, as well as the maximum alleged damages related thereto.

### 3.   Plaintiff's Claims for Knowing Conduct

Defendant specially excepts to Plaintiff's allegations that it acted wrongfully with knowledge and/or intentionally because there are no facts to support such allegations.

## IV.   PRAYER

WHEREFORE, Defendant prays that after due proceedings are had, this lawsuit be abated for the reasons set forth above and that a judgment be rendered that Plaintiff takes nothing, that the Petition be dismissed with prejudice, and for all other relief to which it may be entitled in law or equity.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    /s/ Paige C. Jones
Paige C. Jones
Texas Bar No. 24054609
jonesp@phelps.com
Brad R. Timms
Texas Bar No. 24088535
brad.timms@phelps.com
115 Grand Avenue, Ste. 222
Southlake, Texas 76092
Telephone: (817) 488-3134
Telecopier: (817) 488-3214

ATTORNEYS FOR DEFENDANT NAUTILUS
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Nautilus Insurance Company's Verified Plea in Abatement, Original Answer, Affirmative Defenses, and Special Exceptions has been served upon all counsel as listed below by sending a copy of same via certified mail return receipt requested, electronic mail, e-service, and/or facsimile, on the 23rd day of October, 2017.

Jamshyd (Jim) M. Zadeh
Law Office of Jim Zadeh, P.C.
115 W. 2nd Street, Ste. 201
Fort Worth, TX 76102

*FACSIMILE: 817-335-3974*

/s/ Paige C. Jones
Paige C. Jones

## VERIFICATION

STATE OF _Arizona_        §
                                   §

COUNTY OF _Maricopa_      §

Before me, the undersigned notary, on this day personally appeared Robert Fisher, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

My name is Robert Fisher. I am over eighteen years of age and am capable of making this verification. I am a duly authorized agent in the premises to execute this verification on behalf of Nautilus Insurance Company. I have read Nautilus's Verified Plea in Abatement. The facts stated therein are within my personal knowledge and are true and correct.

Robert Fisher

SUBSCRIBED AND SWORN TO BEFORE ME on this the 9th day of October 2017.

Notary Public in and for the State of Arizona



OFFICIAL SEAL
GAYLE S. MOORWESSEL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Nov. 9, 2017

Exhibit F

# INDEX OF MATTERS

1. Notice of Removal

2. Exhibits to Notice of Removal

    i)     Exhibit A –        State Court's Docket Sheet

    ii)    Exhibit B –        Plaintiff's Original Petition and Request for Disclosures

    iii)   Exhibit C –        Civil/Criminal Process Request

    iv)   Exhibit D –        Citation to Nautilus Insurance Company

    v)    Exhibit E –        Nautilus Insurance Company's Verified Plea in Abatement, Original Answer, Affirmative Defenses, and Special Exceptions

    vi)   Exhibit F –        Index of Matters

    vii)  Exhibit G –       Estimate for Repairs from Blizzard Damages

3. Civil Case Cover Sheet

4. Supplemental Civil Cover Sheet for Cases Removed from State Court

5. Corporate Disclosure Statement

# Exhibit G

**Estimate for Repairs from Blizzard Damages**

| | |
|---|---|
| **Owner:** | **Dr. Attaya** |
| | **2109, 2113, 2117, 2121,** |
| | **2127 & 2129 51st Street,** |
| **Property Address:** | **Lubbock, TX 79412** |

## Unit 2109

| | | |
|---|---|---|
| Demo of Carports and Haul off | $1,400.00 | |
| Plumbing/HVAC | $4,650.00 | |
| Electrical | $4,291.54 | |
| Replace bottom 2 laps of siding and paint. (Including poles) | $400.00 | |
| Material and Labor to install new carports | $6,000.00 | |
| Additional HVAC | | |
| Additional electrical | $500.00 | power pole needed |
| Additional Mason | $1,200.00 | |
| Sub-Total | $18,441.54 | |
| O/P | $3,688.31 | 0.2 |
| Total | $22,129.85 | |

## Unit 2113

| | | |
|---|---|---|
| Demo of Carports and Haul off | $1,400.00 | |
| Plumbing/HVAC | $4,650.00 | |
| Electrical | $4,291.54 | |
| Replace bottom 2 laps of siding and paint. Including poles | $400.00 | |
| Material and Labor to install new carports | $6,000.00 | |
| Additional HVAC | | |
| Additional electrical | | |
| Sub-Total | $16,741.54 | |
| O/P | $3,348.31 | 0.2 |
| Total | $20,089.85 | |

**Estimate for Repairs from Blizzard Damages**

## Unit 2117

| | | |
|---|---|---|
| Demo of Carports and Haul off | $1,400.00 | |
| Plumbing/HVAC | $4,650.00 | |
| Electrical | $4,291.54 | |
| Replace bottom 2 laps of siding and paint. Including poles | $400.00 | |
| Material and Labor to install new carports | $6,000.00 | |
| Additional plumbing | $1,500.00 | gas line |
| Additional electrical | | |
| Asphalt Repair for Gas Line | $1,000.00 | |
| | | |
| Sub-Total | $19,241.54 | |
| O/P | $3,848.31 | 0.2 |
| Total | $23,089.85 | |

## Unit 2121

| | | |
|---|---|---|
| Demo of Carports and Haul off | $1,400.00 | |
| Plumbing/HVAC | $4,650.00 | |
| Electrical | $4,291.54 | |
| Replace bottom 2 laps of siding and paint. Including poles | $400.00 | |
| Material and Labor to install new carports | $6,000.00 | |
| Additional HVAC | | |
| Additional electrical | | |
| | | |
| Sub-Total | $16,741.54 | |
| O/P | $3,348.31 | 0.2 |
| Total | $20,089.85 | |

**Estimate for Repairs from Blizzard Damages**

## Unit 2127

| | |
|---|---|
| Demo of Carports and Haul off | $1,400.00 |
| Plumbing/HVAC | $4,650.00 |
| Electrical | $4,291.54 |
| Replace bottom 2 laps of siding and paint. Including poles | $400.00 |
| Material and Labor to install new carports | $6,000.00 |
| Additional HVAC | |
| Additional electrical | |

| | | |
|---|---|---|
| Sub-Total | $16,741.54 | |
| O/P | $3,348.31 | 0.2 |
| Total | $20,089.85 | |

## Unit 2129

| | |
|---|---|
| Demo of Carports and Haul off | $1,400.00 |
| Plumbing/HVAC | $4,650.00 |
| Electrical | $4,291.54 |
| Replace bottom 2 laps of siding and paint. Including poles | $400.00 |
| Material and Labor to install new carports | $6,000.00 |
| Additional HVAC | |
| Additional electrical | |

| | | |
|---|---|---|
| Sun-Total | $16,741.54 | |
| O/P | $3,348.31 | 0.2 |
| Total | $20,089.85 | |

## Total Summary

| | |
|---|---|
| 2109 | $22,129.85 |
| 2113 | $20,089.85 |

## Estimate for Repairs from Blizzard Damages

| | |
|---|---|
| 2117 | $23,089.85 |
| 2121 | $20,089.85 |
| 2127 | $20,089.85 |
| 2129 | $20,089.85 |
| **Total Including O/P** | $125,579.09 |

JS 44   (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nabil Attaya

## DEFENDANTS

Nautilus Insurance Company, Inc.

**(b)** County of Residence of First Listed Plaintiff   Lubbock County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jamshyd (Jim) M. Zadeh, Law Offices of Jim Zadeh, P.C., 115 W. 2nd Street, Suite 201, Fort Worth, Texas 76102

Attorneys *(If Known)*

Paige C. Jones and Brad Timms, Phelps Dunbar LLP, 115 Grand Avenue, Southlake, Texas 76092

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                          and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     Another District
     *(specify)*

☐ 6 Multidistrict
     Litigation -
     Transfer

☐ 8 Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
insurance dispute

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/30/2017

SIGNATURE OF ATTORNEY OF RECORD
Brad R. Timms

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

United States District Court

Northern District of Texas

Supplemental Civil Cover Sheet For Cases Removed

From State Court

**This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.**

1.      **State Court Information:**

Please identify the court from which the case is being removed and specify the number assigned to the case in that court.

| <u>Court</u> | <u>Case Number</u> |
|---|---|
| 99th District Court of Lubbock County | 2017526986 |

2.      **Style of the Case:** Nabil Attaya v. Nautilus Insurance Company, Inc.

Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

| <u>Party and Party Type</u> | <u>Attorney(s)</u> |
|---|---|
| **Plaintiff:** | |
| Nabil Attaya | Jamshyd (Jim) M. Zadeh<br>Texas Bar No. 22239000<br>Law Office of Jim Zadeh, P.C.<br>115 W. 2nd Street, Ste. 201<br>Fort Worth, Texas 76102<br>(817) 335-5100 Telephone<br>(817) 335-3974 Facsimile<br>jim@zadehfirm.com |
| **Defendants:** | |
| Nautilus Insurance Company, Inc. | Paige C. Jones |

Supplemental Civil Cover Sheet
Page 2

Texas Bar No. 24054609
Brad R. Timms
Texas Bar No. 24088535
Phelps Dunbar, LLP
115 Grand Avenue
Suite 222
Southlake, Texas 76092
(817) 488-3134 Telephone
(817) 488-3214 Facsimile
paige.jones@phelps.com
brad.timms@phelps.com


Of Counsel:

Leonard R. (Bud) Grossman
Texas Bar No. 00784182
Gary Bellair
Texas Bar No. 0210400
Craig, Terrill, Hale Grantham, LLP
FirstBank Centre
9816 Slide Road, Suite 201
Lubbock, Texas 79424
(806) 744-3232 – Telephone
(806) 744-2211 – Telecopy
budg@cthglawfirm.com
gbellair@cthglawfirm.com


**3.     Jury Demand:**

Was a Jury Demand made in State Court?          • **Yes**          • N̶o̶

If *"Yes,"* by which party and on what date?

<u>Plaintiffs</u>                    <u>August 29, 2017</u>
Party                         Date


**4.     Answer:**

Was an Answer made in State Court?          • **Yes**          • N̶o̶

Supplemental Civil Cover Sheet
Page 3

If *"Yes,"* by which party and on what date?

Defendant _____          October 23, 2017 _____
Party                               Date


5.    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| **Party** | **Reason(s) for No Service** |
|---|---|
| None | |


6.    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for
that change:

| **Party** | **Reason** |
|---|---|
| None | |


7.    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this
litigation:

| **Party** | **Claim (s)** |
|---|---|
| Plaintiff | Breach of contract, violations of Texas Insurance Code Chapter 541, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and common law fraud. |
| Defendant | Defendant denies that it is liable to Plaintiff for any of the theories alleged. |